UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TERRY L. MCDONALD,

      Plaintiff,

v.

FEDERAL EXPRESS
CORPORATION,

      Defendant.
_____/

Case No. 1:04-CV-582

Hon. Richard Alan Enslen

**OPINION**

> *Thirty days hath September,*
> *April, June, and November.*
> *All the rest have thirty-one*
> *Excepting February alone---*
> *Which hath but twenty-eight, in fine,*
> *'Till leap year gives it twenty-nine.*

So goes the childhood adage on counting days. The adage is of some use here because the instant controversy involves a defense summary judgment motion premised on a supposed two-day delay in filing by Plaintiff Terry McDonald. One of those days defense counsel creates by serving a Rule 36 request for admission on an unrepresented party after receiving contrary information from the party's former attorney. The other day is created by the non-use of a procedural rule which applies almost universally to calculations of this type. This Court deserves better from its Bar.

**BACKGROUND**

Defendant Federal Express Corporation claims in its summary judgment motion that Plaintiff filed his Complaint a day or two late. The underlying Complaint is a claim of racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Compl. ¶ 9.) The Complaint involves the discharge of a long-term employee of Defendant. (Compl., at page 3

"Factual Statement".) Here is how defense counsel came to that rather magical conclusion. Plaintiff was sent his right-to-sue letter from the Detroit Office of the Equal Employment Opportunity Commission ("E.E.O.C.") on June 2, 2004. The E.E.O.C.'s letter was addressed to Plaintiff's Benjamin Street address in Grand Rapids, Michigan. According to Plaintiff's former counsel, Plaintiff received the letter on June 4, 2004 or June 5, 2004. The letter from former counsel to defense counsel is instructive. It states in pertinent part:

> I recently had a conference with Terry McDonald who, along with his wife, has been a prior client of my firm. While I haven't undertaken representation of Mr. McDonald in the matter wherein you represent Federal Express, I thought I would bring something to your attention to possibly avoid some professional embarrassment. I am enclosing a couple pieces of paper which I think adequately reflect that Mr. McDonald filed his action against Federal Express on September 2, 2004. . . . I have a copy of the 90 day letter and it is dated as being mailed on June 2, 2004. He received it on June 4, 2004 or possibly the day after that but no sooner than that. This would give him until September 2 to file his complaint, and I think that makes it timely. . . .

(Terrence L. Groesser Letter of Nov. 4, 2004.)

This letter was sent to Defendant's local counsel, Paul M. Morgan. Notwithstanding, or perhaps because of, this notice, Defendant's principal counsel, Barak J. Babcock, sent to Plaintiff Terry L. McDonald a request to admit under Federal Rule of Civil Procedure 36 on February 2, 2005 that Plaintiff received the right-to-sue letter in the mail on June 3, 2004. Plaintiff, who was proceeding *pro se* at the time, did not timely respond to the letter. His present counsel, Frederick Mackraz, appeared in this action on May 16, 2005 and has since moved for leave to respond, belatedly, to the request for admission. That motion has been opposed by defense counsel who seeks to use the June 3, 2004 date against Plaintiff to urge that the Complaint was filed a day or two late.

**LEGAL STANDARDS**

Defendant's Motion is brought pursuant to Federal Rule of Civil Procedure 56. Under the language of Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters at issue, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

In assessing evidence, credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255). The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**LEGAL ANALYSIS**

As is apparent, Defendant's legal construction that suit was filed on the 92nd day depends in part on its premise that Plaintiff received the notice on June 3, 2004. The June 3, 2004 date is

frankly foolish. Government agencies such as the E.E.O.C. typically post their mail at the end of the business day (around 5:00 p.m.). Defendant is, thus, asking the Court to believe that the mail was placed for collection in Detroit on June 2, 2004, received from collection in Detroit, sorted for transportation in Detroit, transported to Grand Rapids, and assigned to Plaintiff's Grand Rapids mail carrier for delivery before the carrier left on his or her route on June 3, 2004. While Rule 36 requires the conclusive admission of non-answered requests, it does not require the Court to accept as binding the incredible or the foolish. *See Kerry Steel v. Paragon Indus.,* 106 F.3d 147, 154 (6th Cir. 1997) (holding that district court has considerable authority to set aside admissions where it would assist the determination of the merits and not cause prejudice). This is one very good reason why Rule 36(b) permits amendment of answers.[1] Another good reason is that the federal courts may decide that an unrepresented party should not be taken advantage of by a litigation tactic framed by an attorney who was instructed in writing that the notice was delivered to Plaintiff on June 4, 2004 or June 5, 2004. Because the federal courts are not to be made to look foolish by the operation of their

---

[1]Rule 36 was amended in 1970 to make admissions (failures to respond) conclusively binding, but to permit the Court under Rule 36(b) to readily permit the withdrawal or amendment of admissions in the interests of justice. One thing in the mind of the Advisory Committee at the time was the case of *Pickens v. Equitable Life Assur. Soc.*, 413 F.3d 1390, 1393-94 (5th Cir. 1969)–which concerned an unanswered request to admit that a death was a suicide. The *Pickens* Court refused to rule against the admitting party based on the admission because the issue was clearly contested in the suit. As Wright and Miller point out, "[t]his result can hardly be criticized." 8A Wright, Miller & Marcus, *Federal Practice & Procedure*, § 2256, at 536 (West 1994 ed.). The subsequent rule change permitted withdrawal or amendment precisely to prevent such absurd results. While defense counsel has argued that Plaintiff should be bound by his failure to respond because he warned Plaintiff to respond, the problem with such argument is that *pro se* parties lack the experience and context to appreciate such a warning. Since the warning is made by an adversary's counsel, the unrepresented may often conclude that it is not in their best interests to follow such a warning–just as they ignore other "warnings" by opposing counsel, such as the warnings to dismiss their suits.

own rules and because they expect better of the court system than a pit for unrepresented,[2] the Court will grant the Rule 36(b) amendment to the extent that it receives the evidence of the June 4, 2004 filing in connection with this Motion as contrary evidence of the date of filing.[3]  Because of this compelling and contrary evidence, the Court will use a receipt date of June 4, 2004.

Defendant's Motion also requests the Court to count both June 4, 2004 and September 2, 2004 against Plaintiff in order to conclude the suit was filed late.  Plaintiff's counsel, on the other hand, concludes that (assuming the June 4, 2004 receipt date) the suit was filed on the 90th day because the day of receipt is not counted against the filer pursuant to Federal Rule of Civil Procedure 6(a).  Defense counsel then takes issue with Plaintiff's argument because, it is argued, the 90-day limitation period applicable to Title VII actions under 42 U.S.C. § 2000e-5(f)(1) does not assume the use of the Rule 6(a) counting procedures.

Defense counsel's argument is frankly foolish.  While section 2000e-5(f)(1) and the regulation cited, 29 C.F.R. § 1601.28(e)(1), dictate that the receipt of notice is the starting event, neither the statutory nor regulatory language indicate any intent to supplant the usual Rule 6(a) counting rules.  The only case cited by defense counsel for the proposition that the Rule 6(a) counting rules have been supplanted by some other formula is the case of *Peete v. American*

---

[2] Defense counsel should read the United States Supreme Court's words in *Haines v. Kerner*, 404 U.S. 519 (1972) to get a sense of what the expectations are for the treatment of the unrepresented.  *See also Buckeye Cablevision, Inc. v. Augustniak*, 2005 W.L. 1223805 at *2 -3 (N.D. Ohio May 23, 2005) (permitting withdrawal of *pro se* admissions); *Commodity Futures Trading Comm'n v. International Fin. Servs. (New York), Inc.*, 323 F. Supp. 2d 482, 506 (S.D.N.Y. 2004) (same); *Local Union No. 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Tripodi,* 913 F. Supp. 290, 292-93 (S.D.N.Y. 1996) (permitting late answer of requests).

[3] The Court reserves for Magistrate Judge Carmody all further rulings concerning Plaintiff's Motion to Amend Complaint (Dkt. No. 34).

*Standard Graphics, Inc.*, 885 F.2d 331 (6th Cir. 1989).[4] However, *Peete* did not so hold. *Peete* held that the Rule 6(e) mailing extension period is not applicable in counting the 90-day period. While so holding, *Peete* in fact did apply the 6(a) filing rules in computing the time period. In *Peete*, the letter was received on March 26, 1987 and the complaint was filed on June 25, 1987. This period was computed as 91 days. Since 25 days were counted as to June, 31 as to May, and 30 as to April, then only five days were counted as to March in order to reach the total of 91. Why five days instead of six days for March 1987? Because the Sixth Circuit Court of Appeals, which applies the binding law of this Circuit, was counting the time period by using Rule 6(a), which does not count the day of filing–March 26, 1987.

This analysis by the Sixth Circuit in *Peete* is hardly a surprise given its other case law. Indeed, the Sixth Circuit in *Bartlik* sitting *en banc* took the unusual step of reversing all prior case law of the circuit, three separate cases involving three separate limitation periods, which had refused to apply Rule 6(a). The Circuit said:

> We now hold that the application of Appellate Rule 26(a), and likewise its counterpart Civil Rule 6(a), to calculate a limitations period does not "expand" or "enlarge" our jurisdiction. Both of these rules do nothing more than provide the court and the parties with a means of determining the beginning and end of a statute of limitations prescribed elsewhere in law. Accordingly, a petition for review of an agency decision that is due on a Saturday, Sunday, federal holiday, or a day on which the court clerk's office is closed will be timely if filed on the next day the courthouse, or other designated place for filing, is open for business. Other Circuits have so held. *United Mine Workers v. Dole,* 870 F.2d 662, 665 (D.C. Cir. 1989)

---

[4]Both parties also discuss the case of *Graham-Humphreys v. Brooks Museum of Art*, 209 F.3d 552 (6th Cir. 2000), a case which gives the usual rule of Sixth Circuit law that when a right to sue letter is sent to an old address, its receipt is timed from five days after the date of mailing, in the absence of proof of earlier receipt. Interestingly, that case cited Rule 6(a) with approval. *Id.* at 556 n.3. It also cited with approval cases which utilized Rule 6(a) counting as can be determined from counting days in those cases. *See id.* at 559 n.11, citing *Million v. Frank*, 47 F.3d 385, 387-88 (10th Cir. 1995) and *Scholar v. Pacific Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992).

(stating "[w]e ... confirm our circuit's rule that time periods, including jurisdictional time periods, are to be construed in accordance with Fed. R. App. P. 26(a), excluding final weekend days and holidays unless a specific statutory provision requires otherwise."); *Funbus Sys., Inc. v. California Pub. Util. Comm'n,* 801 F.2d 1120, 1124 (9th Cir.1986); *Miller v. United States Postal Serv.,* 685 F.2d 148, 149 (5th Cir. 1982), *cert. denied,* 461 U.S. 916, 103 S. Ct. 1898, 77 L.Ed.2d 286 (1983).

*Bartlik v. United States Dept. of Labor*, 62 F.3d 163, 166 (6th Cir. 1995) (*en banc*).

A similar holding was reached by the Circuit in *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). *Miller* considered the application of Rule 6(a) to the computing of time limitations under 28 U.S.C. § 2244(d), *i.e.,* habeas actions. It held that: "In computing time for statute of limitations purposes under section 2244(d), we follow Rule 6's instruction that 'the day of the act, event, or default from which the designated period of time begins to run shall not be included.'" *Miller*, 305 F.3d at 495 n.4. The same ruling was also applied by the Circuit in *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), *Allgood v. Elyria United Methodist Home*, 904 F.2d 373, 375 (6th Cir. 1990) and other cases.[5]

The reason for the Circuit so doing in its case law is fundamental and logical. Limitations statutes are written assuming the operation of Rule 6(a). This is because this is a commonplace of federal law and because the statutes themselves fail to provide a separate set of counting rules to deal with the two problems discussed in Rule 6(a)–*i.e.,* how do you determine a filing date if the final day ends on a holiday or weekend, and how do you count the day of filing and day of receipt. Rule 6(a) supplies ready answers to those questions, which is why the federal courts readily use it in

---

[5]The list of Sixth Circuit cases applying Rule 6(a) to limitations statutes is long. See, for example: *King v. Henderson*, 230 F.3d 1358, 2000 WL 1478360, **3 (6th Cir. 2000); *Wachovia Sec., Inc. v. Gangale*, 125 Fed. Appx. 671, 676, 2005 WL 612024, **4 (6th Cir. 2005); *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997); and *Abreu v. Huffman*, 27 Fed. Appx. 500, 503, 2001 WL 1480743, **3 (6th Cir. 2001).

interpreting limitations periods except in the case of a statute which indicates a contrary Congressional intent. *See* 4B Wright and Miller, *Federal Practice and Procedure* § 1162 & note 3, § 1163 & note 12 (West 2002 ed. & 2005 supplement) and cases cited therein.

Moreover, what would the rules be if Rule 6(a) were not followed? Defendant appears to suggest that you simply count both the day of filing and the day of receipt against the filer even if both days were partial days. This method has no precedential support and would directly contradict the statutory language–which requires the passage of 90 complete days. The only other alternative would be to use a 90-day/24 hour clock and time the filing from the hour of receipt. That is, the filing would be late if filed more than 2160 hours (90 days times 24 hours) from the time of receipt. In the instant case, there is no basis for making such a calculation because the hour of receipt is unknown. Further, this use of an hour and clock method for determining a limitation period illustrates exactly why Rule 6(a) was adopted and is so widely used. Namely, when you use an hour and clock method, then deadlines may occur during non-business hours–which creates an inherent fairness problem. Furthermore, judges must be cognizant in setting the strictures of the law that they not shepherd society over a ravine. The use of an hour and clock method is just such a ravine because it sets up the possibility of frequent litigation over the hour of receipt and the hour of filing. These are fruitless wastes of time which are aptly avoided under Rule 6(a)–particularly in the case of a statute, like this one, as to which the Court retains equitable jurisdiction to expand the filing period. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982) and *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

Finally, even were Defendant correct in his timing analysis because of the operation of Rule 36 and the non-operation of Rule 6(a), the equitable factors specified in *Truitt* would strongly favor

a grant of a two-day extension to permit the late filing of the Complaint given the unfairness of utilizing new and unchartered methods of time calculation and the unfairness of utilizing Rule 36 against a *pro se* party after an attorney for the party has previously informed defense counsel that the requested admission is false.  The Court makes this alternative finding for the purpose of making a complete record of these proceedings.

### ORDER TO SHOW CAUSE

This Court has gone to lengths to explain the baselessness of defense counsel's arguments, particularly the baselessness of the Rule 6(a) arguments.  For the same reasons, the Court will also require defense counsel to show cause in writing why they personally should each not be sanctioned under Federal Rule of Civil Procedure 11 for the making of baseless arguments concerning the non-operation of Rule 6(a).  They shall also simultaneously brief what an appropriate sanction might be.  For the purpose of discussion, the Court believes preliminarily that the payment of $2,000 to Plaintiff's counsel (one thousand each as to the two defense attorneys) to recompense extensive and unnecessary legal work is an appropriate sanction.  Plaintiff will be permitted to respond to defense counsel's brief and defense counsel will also be permitted to file a reply.

### CONCLUSION

An Order shall enter consistent with this Opinion denying Defendant's Motion to Dismiss and requiring defense counsel to show cause why they should not be sanctioned under Rule 11.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>     June 9, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |